IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES GUTTILLA,                          )
                                           )
                        Plaintiff,         )
                                           )
        v.                                 )        Civil Action 02-309
                                           )
THE PENNSYLVANIA                           )
MANUFACTURERS' ASSOCIATION                 )
INSURANCE CO. d/b/a PMA                    )
INSURANCE GROUP AND TUBE                   )
CITY INC.,                                 )
                                           )
                        Defendants.        )

MEMORANDUM OPINION

CONTI, District Judge

Pending before the court is the motion for summary judgment (Doc. No. 36) filed by

defendant Tube City, Inc. ("defendant" or "Tube City") on the ground that, in light of this court's

memorandum opinion dated March 15, 2004 (Doc. No. 35), plaintiff Charles Guttilla ("plaintiff"

or "Guttilla") cannot state a claim upon which relief can be granted under count II of the

complaint.[1]  For the purposes of this motion, both parties have stipulated that the facts, as

outlined in plaintiff's proffer to this court, are to be treated as true.  (Doc. No. 42).

For the reasons discussed below, the court will grant defendant's motion because plaintiff

cannot state a claim upon which relief can be granted.

_____

[1]Count II is plaintiff's only remaining claim in this case.  The complaint in this case
consisted of two counts.  Count I was a claim against Pennsylvania Manufacturers' Association
Insurance Co. ("PMA").  With respect to count I, this court granted summary judgment in favor
of PMA.  Memorandum opinion dated March 15, 2004 ("Mem. Op.") (Doc. No. 35).

*Procedural History and Factual Background*[2]

Because plaintiff places great emphasis on the sequence of events in the processing of his claim, the events reflected in the administrative record (the "Record") will be addressed in some detail.  Guttilla worked as the Director of Information Systems for Tube City.  As an employee of Tube City, Guttilla received, as an employee benefit, a group long-term disability insurance policy issued by PMA.  In September and October of 1998, Guttilla "was not able to think, read, understand, evaluate, and function normally."  Record at 49.  On October 5, 1998, Guttilla was fired.

On October 20 or 21, 1998[3], Guttilla met with Patton Van Nickell, M.D., a psychiatrist.  Dr. Nickell diagnosed depression NOS (not otherwise specified) and dementia NOS.  Id. at 45.  Dr. Nickell stated that Guttilla's condition did not arise out of his employment, although he also explained that the cause was not yet known.  Id. at 45-46.  The date Dr. Nickell "first advised patient to cease work" was October 20 or 21, 1998.  Guttilla was "unable to attend to tasks and focus sufficiently to maintain gainful employment."  Id. at 46.

Plaintiff continued to be treated for over a year.  It was noted by Guttilla's doctors that his symptoms mirrored those of someone who suffered from head trauma.  As an afterthought at a therapy session, Guttilla recalled a "head bump" in the computer room at Tube City in September of 1998, during which Guttilla hit his right front forehead on a hanging steel cabinet.  This area

---

[2]Much of the factual history is taken from this court's memorandum opinion dated March 15, 2004.

[3]The quality of the copy of the Record at pages 45 and 46 makes it difficult to determine the actual date of the examination, but the date reflected in the Record is either October 20 or 21, 1998.

of injury correlated with the brain damage as seen in plaintiff's MRI exam.  Guttilla did not

report the incident at the time because he thought it was nothing more than a bump on the head.

Id. at 49-50.

Plaintiff applied for disability benefits from UNUM on August 25, 1999.  Id. at 53.

Guttilla reported that the date he was first unable to work was "10/6/96."[4]  Id.  In support of this

application, Dr. Nickell competed an application dated August 25, 1999, stating that the

symptoms first appeared "6-98 about" and that the date he believed patient was first unable to

work was "10/01/1998 about."  Id. at 55.  Dr. Nickell also noted that plaintiff's condition was

exacerbated by workload and stress.  Finally, Dr. Nickell opined that the diagnosis was not yet

clarified and that no fundamental improvement were expected for more than six months.  UNUM

awarded Individual Disability Benefits of $508 per month to plaintiff.

In July of 2002, Guttilla learned that Tube City offered long-term disability insurance

through PMA.  Guttilla filed a claim with PMA for long-term disability insurance in August of

2002.  PMA received plaintiff's claim on October 24, 2000.  Id. at 42-44.  PMA denied the claim

on November 3, 2000, stating that Guttilla failed to meet the claim filing deadlines as set forth in

the policy.  Id. at 47-48.  Guttilla wrote a letter of appeal on December 30, 2000.  Id. at 49-52.

PMA denied that appeal on April 5, 2001.  PMA stated that although Dr. Nickell could

not determine the cause of plaintiff's injuries, he did establish the date of disability as October

22, 1998.  Id. at 60[5].  PMA determined that Guttilla became aware of his disability in October of

---

[4]As it did in the memorandum opinion of March 15, 2004, the court will regard the reference to 1996 as a typographical error, as all of the other dates in the record refer to 1998.

[5]A typographical error in PMA's letter referred to October 22, 1998 as the date Dr. Nickell examined plaintiff. The examination, however, occurred on either October 20 or 21,

1998, yet he did not file a claim until almost two years later.  Id.  In addition, PMA concluded

that even if Guttilla's claim filing was timely, he was not eligible for long-term disability

coverage because, having been fired on October 5, 1998,  he was not an employee of Tube City

on October 21, 1998, which was the time he was diagnosed as disabled.  Id.

Plaintiff commenced this action on February 7, 2002, by filing a complaint against PMA

and Tube City. Count I asserted a claim for benefits under the Employee Retirement Income

Security Act ("ERISA") against PMA.  Count II was filed against Tube City and alleged a

violation of Tube City's fiduciary duties under ERISA.   PMA filed a motion for summary

judgment on March 28, 2003.  The case against Tube City was stayed pending the outcome of

PMA's summary judgment motion.  This court, in a memorandum order dated March 15, 2004,

granted PMA's motion for summary judgment because "[o]n this record PMA's conclusion that

Guttilla was not an eligible employee when he became disabled was not arbitrary and

capricious."  Mem. Op. at 5.  Tube City filed a motion for summary judgment on April 14, 2004.

Guttilla filed a notice of appeal with the United States Court of Appeals for the Third Circuit the

following day.  On May 18, 2004, this court entered an order staying all proceedings until such

time as Guttilla's appeal was resolved by the United States Court of Appeals for the Third Circuit

or until July 30, 2004.  The United States Court of Appeals for the Third Circuit, in an order

dated June 24, 2005, dismissed Guttilla's appeal for lack of appellate jurisdiction.

### *Standard of Review*

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if,

drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to

_____

1998. See supra, note 3.

4

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). Where the defendant is the moving party, the initial burden is on the defendant to show that the plaintiff has failed to establish at least one essential element to his case. Celotex v. Catrett, 477 U.S. 317, 323-24 (1986). The non-moving party cannot merely rest upon the allegations in his complaint, but must set forth specific facts that would allow a reasonable jury to find in the non-moving party's favor. FED.R.CIV.P. 56(c). A motion for summary judgment will not be defeated by the mere existence of some disputed facts, but will be defeated when there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249. The court may consider any material or evidence that would be admissible or usable at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1ˢᵗ Cir. 1993) (citing 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2721, at 40 (2d ed. 1983)); Pollack v. City of Newark, 147 F.Supp. 35, 39 (D.N.J. 1956), aff'd, 248 F.2d 543 (3d Cir. 1956), cert. denied, 355 U.S. 964 (1956) ("in considering a motion for summary judgment, the court is entitled to consider exhibits and other papers that have been identified by affidavit or *otherwise made admissible in evidence*.") (emphasis added).

### *Discussion*

Tube City moves for summary judgment on the ground that, in light of this court's entry of summary judgment on behalf of PMA, plaintiff cannot state a claim upon which relief can be granted in count II.  Plaintiff argues that summary judgment is not appropriate because there are material facts in dispute.

In count II of the complaint, plaintiff alleges that Tube City violated its fiduciary duties by providing inaccurate and false information to him concerning long-term disability insurance.  See Complaint, at ¶ 34.  Plaintiff argues that material issues exist regarding whether Tube City failed to advise timely Guttilla of the existence of the PMA policy resulting in his application for benefits being compromised by PMA.  Guttilla alleges he was damaged because of the lost opportunity to process his claim timely or effectively and therefore being denied benefits.

ERISA establishes certain obligations for fiduciaries.  See Burstein v. Retirement Plan, Allegheny Health, Education and Research Found., 334 F.3d 365, 384 (3d Cir. 2003).  Under ERISA, a fiduciary:

> shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and–
>
> **(A)** for the exclusive purpose of:
> **(i)** providing benefits to participants and their beneficiaries; and
>
> **(ii)** defraying reasonable expenses of administering the plan;
>
> **(B)** with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

>**(C)** by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and
>
>**(D)** in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter.

29 U.S.C. § 1104(a).

ERISA provides for plan participants to file claims for a breach of fiduciary duty. ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B). A plan participant may bring a civil action "<u>to enjoin</u> any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) <u>to obtain other appropriate equitable relief</u> (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan..." <u>Id.</u> (emphasis added).

To establish a claim for breach of fiduciary duty under ERISA, the plaintiff must prove: (1) fiduciary status; (2) misrepresentations; (3) company knowledge of confusion; and (4) resulting harm to the employees[6]. <u>Burstein</u>, 334 F.3d at 385(citing to <u>In re Unisys Corp.</u>, 57 F.3d 1255, 1265 (3d Cir. 1995); Employee Retirement Income Security Act of 1974, § 502(a)(3), 29 U.S.C.A. § 1132(a)(3).

---

[6]The United States Court of Appeals for the Third Circuit has held that "detrimental reliance" is required for breach of fiduciary duty claims. <u>Burstein</u>, 334 F.3d at 387; <u>Adams v. Freedom Forge Corp.</u>, 204 F.3d 475, 492 (3d Cir. 2000)("An employee may recover for a breach of fiduciary duty if he or she proves that an employer, acting as a fiduciary, made a material misrepresentation that would confuse a reasonable beneficiary about his or her benefits, and the beneficiary acted thereupon to his or her detriment.").

Upon a review of the record, the court finds that plaintiff cannot state a claim for breach of fiduciary duty because he cannot show that he suffered any resulting harm or damages[7]. In the memorandum opinion dated March 15, 2004, this court held PMA properly determined, under an arbitrary and capricious standard of review, that Guttilla was not eligible for benefits due to his not being an employee of Tube City at the time of the relevant diagnosis. Mem. Op. at 4. Since PMA's conclusion denying benefits to Guttilla was not arbitrary and capricious, there can be no causal connection of damages to the alleged breach of any fiduciary duty owed by Tube City to plaintiff. As PMA was not arbitrary and capricious in its denial of benefits, plaintiff has suffered no loss and can point to no injury suffered as a result of any action by Tube City.

Plaintiff cites to Genter v. Acme Scale & Supply Co., 776 F.2d 1180 (3d Cir. 1985), for the notion that failure to inform a plaintiff of a material fact regarding his retirement plan presented a claim not appropriate for summary judgment. Plaintiff also cites to Jordan v. Fed. Exp. Corp., 116 F.3d 1005 (3d Cir. 1997), for the proposition that the United States Court of Appeals for the Third Circuit recognized a duty of a fiduciary to not mislead, misinform, or fail to inform employees of an ERISA plan.

These decisions, however, are not on point. In Genter, the court found that the plaintiff was denied the option of selecting increased insurance coverage, despite his eligibility for

---

[7]The court notes that, despite being entitled only to equitable relief under ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), plaintiff's complaint seeks, among other things, compensatory damages, penalties, and interest. The United States Court of Appeals for the Third Circuit has held that "appropriate equitable relief," as used in section 502(a)(3), applied only to remedies that are typically available in equity and not legal remedies–such as compensatory damages. In Re Unisys Corp., 57 F.3d 1255, 1268 (3d Cir. 1995)(citing Mertins v. Hewitt Assoc., 508 U.S. 248, (1993). As this court decided defendant's motion for summary judgment on other grounds, the court need not determine whether plaintiff's claim against Tube City should be dismissed because plaintiff is seeking only legal remedies.

additional coverage.  Genter, 776 F.2d at 1186.  The court found potential damages because, although it could not predict whether plaintiff would have opted for more coverage, the fact that he was denied the option of selecting something he was qualified for was a cognizable claim.  Id. "Whether he would have opted for more coverage is not necessary for us to consider.  What is necessary to consider is the circumstance that his beneficiary has been denied the additional $10,000.00 of coverage that the decedent could have provided for her had he been properly informed."  Id.

In this case, the court has already upheld PMA's decision to deny benefits on the grounds that plaintiff was not an eligible employee due to his having been fired prior to the time of the relevant diagnosis.  Therefore, unlike in Genter, the plaintiff was not denied information about benefits that he was qualified to receive.  In addition, as plaintiff here was not eligible to receive long-term disability benefits, he can make no claim for damages, not even the type of claim made in Genter.

As to Jordan, plaintiff argues that the decision rests on a finding that failure to inform the plaintiff of material facts presents a cognizable claim. The court in Jordan held that ERISA provides plan participants an equitable claim for an administrator's breach of fiduciary duty. Jordan, 116 F.3d at 1012.  Jordan, however, can be distinguished from this case because the plaintiff in Jordan was, in fact, eligible for the retirement plans at issue[8].

---

[8]In addition, the court recognized that Jordan, if successful in his claim, would be entitled to equitable remedies, such as recision of his retirement selection, and the option to select a new disability retirement plan.  Jordan, 116 F.3d at 1017.  In this case, plaintiff appears, unlike Jordan, to be seeking legal remedies, which are not available under ERISA § 502(a)(3)(B).

*Conclusion*

**AND NOW**, this 27ᵗʰ day of September 2005, upon consideration of the evidence of record and the parties' arguments and supporting documents, **IT IS ORDERED** that the motion for summary judgment (Doc. No. 36) filed by defendant, Tube City, Inc. is **GRANTED.** The final pending matter in this case is the status of the cross-claim filed by Tube City (Doc. No. 7) against PMA. In light of the court's ruling, Tube City's cross-claim shall be denied as **MOOT**.

The clerk shall mark this case closed.

By the Court:


/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge


cc:     Joseph P. Decker
        429 Forbes Avenue
        Suite 600, Allegheny Building
        Pittsburgh, PA 15219

        Elizabeth A. Venditta
        White & Williams
        1650 Market Street
        One Liberty Place, Suite 1800
        Philadelphia, PA 19103-7301

        Nicholas Pasciullo
        White & Williams
        437 Grant Street
        Suite 1001 Frick Building
        Pittsburgh, PA 15219

        Kevin L. Colosimo
        Houston Harbaugh
        401 Liberty Avenue
        22nd Floor, Three Gateway Center
        Pittsburgh, PA 15222-1005